IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MATHEW MAYS, <br><br> Plaintiff, <br><br> vs. <br><br> LATOYA MATUS, GREAT FALLS PRE-RELEASE SERVICES, INC., and ALAN SCANLON, <br><br> Defendants. | CV 24–71–GF–DLC <br><br><br> ORDER |

Before the Court is Defendant Latoya Matus's Motion to Stay. (Doc. 16.) Plaintiff Mays opposes the Motion. (*Id.* at 2.) Defendants Great Falls Pre-Release Services, Inc. ("GFPR") and Alan Scanlon do not oppose the Motion but oppose a stay that precludes discovery from Defendant Matus. (*Id.*) For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

This action arises out of alleged sexual conduct that occurred between Plaintiff Mathew Mays and Defendant Latoya Matus—former employee of GFPR—while Mays was detained at GFPR. (Doc. 1 ¶¶ 7, 11, 85.) Mays alleges that Defendants violated his civil rights under the United States Constitution and Montana Constitution. (*Id.* at 6, 19.) Mays also brings one count of Negligence, one count of negligent infliction of emotional distress, one count of abuse of

process, one count of assault and battery, and one count of negligence per se. (*Id.* at 20–24.)

Matus has been charged criminally in the Eighth Judicial District Court of Montana based on the same underlying facts. (Doc. 17 at 2.) Matus now seeks a stay of this case pending resolution of the criminal action, to protect Matus from potential self-incrimination in the criminal action. (*Id.*)

## DISCUSSION

Matus argues that there is ample justification to stay this matter pending resolution of the parallel criminal proceedings. (Doc. 17 at 4.) In response, Mays asks the Court to temporarily stay discovery to and from Defendant Matus pending resolution of the criminal matter, while allowing the case to proceed against the other defendants who have no Fifth Amendment rights to assert or implicate. (Doc. 18 at 1–2.) GFPR and Scanlon do not oppose a stay but oppose a stay on discovery to and from Matus, explaining that "[i]t would be prejudicial and fundamentally unfair to require GFPR to proceed in the case without the ability to gather information from the individual whose alleged actions have led Mays to sue GFPR." (Doc. 19 at 3.) The Court agrees and finds that a stay of the entire case is appropriate.

In considering whether to stay civil proceedings pending the determination of a parallel criminal proceeding, the Court must determine "the extent to which

the defendant's [F]ifth [A]mendment rights are implicated." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). In doing so, the Court should "consider the following factors: (1) the interest of the plaintiff[] in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff[] of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of the cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 324–25.

    Here, while Mays undoubtedly has an interest in proceeding expeditiously, any prejudice to Mays is outweighed by the burden Matus would face if this matter proceeds at this time—specifically, the risk of self-incrimination. Further, "[t]he strongest case for a stay of discovery in civil cases occurs during a criminal prosecution after an indictment is returned. The possibility for self-incrimination is greatest at this stage, and the potential harm to civil litigants arising from delaying the case is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act." *Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist. #2*, No. CV-06-124-BLG-RFC-CSO, 2007 WL 1227592, at *2 (D. Mont. Apr. 24, 2007).

Regarding the third factor, while the Court has an interest in efficiency, allowing the criminal proceeding to conclude first lends itself to resolution of certain common issues of fact. As to the fourth factor, the Court is unaware of any non-party that has an interest in this matter. Finally, as to the fifth factor, "all citizens have a stake in upholding the constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (cleaned up). Based on these factors, the Court finds that this matter should be stayed.

Accordingly, IT IS ORDERED that the Motion (Doc. 16) is GRANTED. This matter is STAYED in its entirety pending the conclusion of the parallel criminal proceedings in *State of Montana v. Latoya Matus*, 8th Judicial District Court, Cascade County, Cause No. DC-7-2024-00004350-IN.

IT IS FURTHER ORDERED that the Parties shall notify the Court within 14 days of the conclusion of the criminal proceedings.

IT IS FURTHER ORDERED that the Preliminary Pretrial Conference set for January 29, 2025, at 3:00 p.m. is VACATED to be RESET at a later date.

DATED this 8th day of November, 2024.

_____
Dana L. Christensen, District Judge
United States District Court