IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MATTHEW MAYS, | CV 24–71–GF–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LATOYA MATUS, GREAT FALLS PRE-RELEASE SERVICES, INC., and ALAN SCANLON, | |
| Defendants. | |

Before the Court is Plaintiff Matthew Mays's motion for partial summary judgment. (Doc. 25.) For the reasons set forth below, the motion is DENIED.

The Court can resolve an issue summarily if "there is no genuine dispute as to any material fact" and the prevailing party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine when there is sufficient evidence for a reasonable factfinder to return a verdict for the other party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986). With these principles in mind, the Court turns to the merits of the issues presented.

Here, Plaintiff seeks partial summary judgment on the issue of nondelegable duty. (Doc. 26.) Specifically, Plaintiff asks the Court to determine as a matter of law that "housing and supervising prisoners in a prelease setting is an inherently dangerous activity, that prelease centers have a continuing relationship with the prisoners they house and supervise, that prisoners are dependent on prelease centers for their daily health and safety, and that the non-delegable duty exception applies here." (*Id.* at 7.) Based on this request, Plaintiff seeks partial summary judgment that Defendant Great Falls Prerelease Center "is liable for the tortious and criminal acts of its employee Matus as a matter of law under the non-delegable duty doctrine." (*Id.*)

To support Plaintiff's motion for partial summary judgment, Plaintiff asserts 62 undisputed facts. (Doc. 27.) However, in response, Defendants dispute all "undisputed facts" asserted by Plaintiff. (*See* Docs. 33, 35.)

The Court finds that Plaintiff's motion must be denied. Under Federal Rule of Civil Procedure 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." The party may support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Here, Plaintiff has not provided any support for his assertions. Rather, it appears as though Plaintiff merely regurgitated the factual allegations from his Complaint (Doc. 1), without any additional citations to discovery or other materials in the record. Plaintiff has failed to meet his burden of establishing an absence of triable issues.

Accordingly, IT IS ORDERED that the Motion (Doc. 25) is DENIED.

DATED this 28th day of January, 2026.

_____
Dana L. Christensen, District Judge
United States District Court